UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM MICHAEL VON EHL,

        Plaintiff,

v.                                 Case No. 18-cv-11453
                                 Honorable Linda V. Parker

SAGINAW CO. JAIL, ET Al.,

        Defendants.

_____/

## OPINION AND ORDER

## I.    INTRODUCTION

       Saginaw County Jail inmate Adam Michael Von Ehl ("Plaintiff") filed this

pro se civil rights case under 42 U.S.C. § 1983, alleging that his constitutional

rights were violated when he was strip searched as part of a cell shakedown,

walked through several other units in his underwear, and left in a cell in his

underwear without jail clothing for 48 hours after the search in March 2018.  He

asserts violations of his constitutional rights under the Fourth Amendment (illegal

search and seizure), Fifth Amendment (rights of person), Sixth Amendment (illegal

prosecution), Eighth Amendment (cruel and unusual punishment), Ninth

Amendment (denied rights), and Fourteenth Amendment (due process and equal

protection).  He names as Defendants in this action: the Saginaw County Jail,

Saginaw County Sheriff William Federspiel, Undersheriff Phil Hart, Jail

Administrator Lieutenant Kerns, Shift Commander Sargent Lagalo, and Officers Sweeny and Pulaski. Plaintiff is suing Defendants in their official capacities and seeks monetary damages and other relief. The Court has granted Plaintiff leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss a complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The

purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Given this liberal pleading standard, the Court finds that Plaintiff's Complaint is subject to dismissal in part, but that service of certain claims upon Defendants Sweeny and Pulaski is appropriate.

First, Plaintiff's claims against the Saginaw County Jail must be dismissed. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under 42 U.S.C. § 1983. *See Edward v. Jail*, Case No. 2:16-cv-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Coopshaw v. Lenawee Cty. Sheriff's Office of Lenawee Cty.*, No. 05-cv-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *see also Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983 case); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department may not be sued under § 1983). Plaintiff's claims against the Saginaw County Jail must therefore be dismissed.

Second, Plaintiff's claims against Defendants Federspiel, Hart, Kerns, and Lagalo must be dismissed because Plaintiff fails to allege facts demonstrating their personal involvement in the events giving rise to his claims. It is well-settled that a civil rights plaintiff must allege each defendant's personal involvement to state a claim under § 1983. *See Monell v. Dep't of Soc. Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or

vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995) (the plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff makes no such factual allegations against Defendants Federspiel, Hart, Kerns, or Lagalo. Plaintiff also does not allege facts showing that any claimed injury is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009).

Moreover, to the extent that Plaintiff asserts that one or more of the defendants violated his constitutional rights by denying his grievances, he fails to state a claim for relief. The First Amendment guarantees "the right of the people … to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to

consider, respond to, or grant any relief on a petition for redress of grievances.

*Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65

(1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to

petition the government does not guarantee a response to the petition or the right to

compel government officials to act on or adopt a citizen's views.").  An inmate

does not have a constitutionally-protected interest in a jail or prison grievance

procedure or the right to an effective procedure.  *Walker v. Michigan Dep't of*

*Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x

427, 430 (6th Cir. 2003) (citing cases).  To the extent that Plaintiff is dissatisfied

with the investigation of his concerns and responses to his grievances, he fails to

state a claim for relief.  *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir.

2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009)

(Borman, J., adopting magistrate judge's report).  Plaintiff thus fails to state a

claim upon which relief may be granted under § 1983 against Defendants

Federspiel, Hart, Kerns, and Lagalo.

Third, Plaintiff's claims alleging violations of his rights under the Fifth,

Sixth, Ninth, and Fourteenth Amendments must be dismissed because Plaintiff

alleges no facts to support such claims.  He merely lists those amendments as bases

for relief without further explanation.  As noted, conclusory allegations are

insufficient to state a claim under § 1983.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d at 390-91.

Construing Plaintiff's Complaint liberally, however, the Court finds that he alleges sufficient facts to state claims for relief under the Fourth and/or Eighth Amendments against Defendants Sweeny and Pulaski concerning the strip search and the detention in his cell in only his underwear for 48 hours.  Service of the Fourth and Eighth Amendment claims upon Defendants Sweeny and Pulaski therefore is appropriate.

### III.   CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against Defendants Saginaw County Jail, Federspiel, Hart, Kerns, and Lagalo and as to the alleged violations of his rights under the Fifth, Sixth, Ninth, and Fourteenth Amendments. Accordingly, the Court **DISMISSES WITH PREJUDICE** those claims.

The Court further concludes that Plaintiff's Fourth and Eighth Amendment claims against Defendants Sweeny and Pulaski are not subject to summary dismissal.  Accordingly, the Court directs the United States Marshal to serve a copy of the Complaint and a copy of this Order upon those two defendants without prepayment of costs.

Defendants Sweeny and Pulaski must file an appropriate responsive pleading or motion in response to Plaintiff's complaint. They may not waive filing a response pursuant to 42 U.S.C. § 1997e(g). The responsive pleading is due within the time set forth in Rule 12 of the Federal Rules of Civil Procedure.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 14, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 14, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager